### NORQUIST *v.* DALTON *et al.*

*(City Court of New York, Trial Term.*  June 24, 1890.)

PARTNERSHIP—LIABILITY OF RETIRING PARTNER.

After defendants had dissolved partnership, and one of them had gone out of the firm, plaintiff sold goods on the order of the remaining partner.  The goods were sold and billed in the firm name of defendants, and at that time the business sign still bore the firm name.  Plaintiff did not know of the dissolution, but supposed the partnership still existed.  The retiring partner knew that her name was still on the sign, but did not know that it affected her liability.  *Held*, that plaintiff could recover from her as for a partnership debt.

Action by Charles J. Norquist against Delia Dalton and others, to recover for goods sold and delivered.

*White & Stratton*, for plaintiff.    *J. F. Beglan*, for defendants.

MCADAM, C. J.    The defendants were partners until April, 1889, when they dissolved, Dalton going out of the firm, and Kloepfer continuing the business on his individual account.  The goods sued for were sold in December, 1889, on the order of Kloepfer, and he alone would have been liable for them but for the fact that they were sold in the name of Dalton & Kloepfer, billed in that name, and the sign of the firm was allowed to remain over the door of the place of business.  This was, in legal effect, a holding out to the public that the firm continued, and, as the plaintiff knew nothing to the contrary, and credited the firm, the members of it are liable to him, notwithstanding the dissolution.  A partner withdrawing from a firm must see to it that his name is removed from the business signs in front of the establishment, or persons relying upon such signs as evidence of the firm's continuation, and knowing nothing to the contrary, are entitled to recover for all goods parted with on the faith of the partnership relation.  This upon the theory that, where one of two innocent persons must suffer a loss, it should be the one whose act or neglect caused the injury.  Mrs. Dalton supposed her liability for future debts ceased when she left the firm, and did not imagine that the continuance of the firm name prolonged her liability.  She lived in the same house, had knowledge of the continuance of the signs, and, by their remaining up, the plaintiff was misled.  Mrs. Dalton did not intend any wrong, but one has been done, and she is liable, with her late partner, for the consequences.

There must be judgment for the plaintiff.